United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41403
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS ROMERO-FLORES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-413-ALL
---------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jesus Romero-Flores (Romero) pleaded guilty to unlawfully re-entering the United States in violation of 8 U.S.C. § 1326(a). Citing United States v. Booker, 543 U.S. 220 (2005), Romero first challenges the district court's imposition of a 16-level enhancement for a prior felony conviction pursuant to U.S.S.G. § 2L1.2. As the enhancement of Romero's sentence was based on a prior conviction, there was no Sixth Amendment Booker error. Nevertheless, in light of Booker, the application of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines as mandatory was error, which this court has termed "Fanfan" error. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). We review for harmless error, and we reject Romero's contention that "Fanfan" error is structural and, therefore, insusceptible of harmless error analysis. See id. at 463-64.

The Government has failed to carry its burden of showing harmless error as it has failed to point to anything in the record that demonstrates "beyond a reasonable doubt that the district court would not have sentenced [the defendant] differently had it acted under an advisory Guidelines regime." United States v. Akpan, 407 F.3d 360, 376-77 (5th Cir. 2005). The Government's assertion that the sentence was reasonable in light of the factors set forth in 18 U.S.C. § 3553(a), is insufficient to carry the Government's burden. See, e.g., Walters, 418 F.3d at 465-66.

Romero also asserts that the enhanced penalty provisions of 8 U.S.C. § 1362(b) are unconstitutional. Romero's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Romero contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268,

276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Romero properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

For the foregoing reasons, we AFFIRM Romero's conviction. We VACATE his sentence and REMAND to the district court for re-sentencing.

AFFIRMED IN PART; VACATED IN PART AND REMANDED FOR RE-SENTENCING.